UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

INTERNATIONAL CONTENT
LIQUIDATION, INC.,

        Plaintiff,

-vs-                                    Case No. 3-:04-CV-449

TRINITAS HOSPITAL,

                                          Judge Thomas M. Rose

        Defendant.

---

**ENTRY AND ORDER OVERRULING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTIONS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (Doc. #4)**

---

      Plaintiff International Content Liquidation, Inc. ("ICL") brought this action in Ohio seeking to recover damages from Defendant Trinitas Hospital ("Trinitas") for the alleged unauthorized use of an inventory prepared by ICL. The inventory was to be used to either purchase or liquidate supplies and equipment that belonged to one of Trinitas's predecessor organizations. Trinitas ultimately entered into a contract with Scientific Equipment Liquidators ("SEL") for liquidation services instead of ICL.

      ICL is an Ohio corporation licensed to do business as a retail liquidation company. Trinitas is a nonprofit hospital located in the City of Elizabeth, New Jersey.

      ICL's First Cause of Action is for violation of Ohio's Uniform Trade Secrets Act, O.R.C. §133.61. The Second Cause of Action is for violation of the federal Trademark Act, 15 U.S.C. §1125(A)(1)(a) and the Ohio Deceptive Trade Practices Act, O.R.C. Chapter 4165. ICL's Third Cause of Action is for unjust enrichment.

Now before the Court is Trinitas's Motion To Dismiss for Lack of Personal Jurisdiction or, in the alternative, To Transfer Venue. (Doc. #4.) The Motion To Dismiss for Lack of Personal Jurisdiction is brought pursuant to Fed.R.Civ.P. Rule 12(b)(2) and the Motion To Transfer Venue is brought pursuant to 28 U.S.C. §1404(a).

ICL's Motion is now fully briefed and ripe for decision. The briefing includes ICL's Supplemental Response that was filed with leave of Court. (Doc. #13.) Trinitas's Response to ICL's Supplemental Response was struck because ICL did not obtain leave of Court to file it. The standard of review will first be set forth followed by an analysis of Trinitas's Motion.

## STANDARD OF REVIEW

When a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) is made, the plaintiff has the burden of proving that jurisdiction exists. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)(citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002)). As a part of the burden of proof, the plaintiff's burden of persuasion depends upon whether the court conducts an evidentiary hearing on the motion to dismiss.

When an evidentiary hearing is held, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Id.* at 417. When there is no evidentiary hearing, the plaintiff must make only a prima facie showing and the pleading and affidavits are viewed in a light most favorable to the plaintiff. *Neogen,* 282 F.3d at 887. In addition, "[t]he Court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff."

Federal courts apply the law of the forum state when determining whether personal jurisdiction exists. *Youn,* 324 F.3d at 417; *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). If personal jurisdiction exists under the forum state's long-arm statute, the court then must

-2-

determine whether personal jurisdiction would comport with the Due Process Clause of the U.S. Constitution. *Id.*

For the purpose of the Constitutional Due Process analysis, there is a distinction between general and specific jurisdiction. *Youn,* 324 F.3d at *417*. However, either one is an adequate basis for personal jurisdiction. *Id.*

General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," so that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Id.* at 418. Specific jurisdiction exists when the contacts giving rise to jurisdiction relate to the claim that is before the court. *Id*.

The Sixth Circuit has established a three-part test for determining whether specific jurisdiction exists. *Id.* For specific personal jurisdiction to exist; (1) a defendant must purposefully avail itself of the privilege of acting in the forum state; (2) the cause of action must arise from the defendant's activities in the forum state; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Id.* (citing *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). Finally, when a state's long-arm statute extends to the limits of Due Process, a district court is able to collapse its long-arm analysis into its due process analysis. *Matrix Essentials, Inc. v. Harmon Stores, Inc.,* 205 F.Supp.2d 779, 783 (N.D.Ohio 2001) (citing *CMS Generation Co. v. Spectrum Technologies U.S.A., Inc.*, 69 F.Supp.2d 915, 919 (E.D.Mich. 1999)).

In this case, Ohio is the forum state and the Ohio Supreme Court has determined that Ohio's long-arm statute does not extend to the limits of due process. *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 n.1 (Ohio 1994); *see also*, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721(6th Cir. 2000). Therefore, this Court must determine if personal jurisdiction is present under Ohio's long-arm statute and, if so, whether personal jurisdiction comports with the Due Process Clause of the U.S. Constitution.

## ANALYSIS

Trinitas seeks dismissal of ICL's Complaint for lack of personal jurisdiction because Trinitas lacks the minimum contacts with Ohio required to establish general or specific personal jurisdiction and Ohio's long-arm statute, O.R.C. §2307.382, does not confer personal jurisdiction over Trinitas in Ohio. Trinitas alternatively seeks transfer of this action to the United States District Court for the District of New Jersey because many witnesses, possible additional parties and evidence are located in New Jersey and because the alleged illegal conduct allegedly occurred in New Jersey.

ICL argues that it has submitted facts that establish sufficient contacts in Ohio to support jurisdiction here. ICL also argues that Ohio is as convenient as New Jersey as a forum for this case.

ICL has the burden of proving that this Court has personal jurisdiction. Further, since there has been no evidentiary hearing, ICL must make only a prima facie showing and the pleading and affidavits are viewed in a light most favorable to ICL.

**Personal Jurisdiction Under Ohio's Long-Arm Statute**

IDL must first make a prima facie showing that Trinitas is subject to Ohio's long-arm statute. Two provisions of the statute may apply in this case.

Ohio's long-arm statute provides, in part, that a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in Ohio. O.R.C. §2307.382(A)(1). Transacting business encompasses "carrying on" business and "having dealings" within Ohio. *Kentucky Oaks Mall Company v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 480 (Ohio 1990), *cert. denied*, 499 U.S. 975 (1991). Ohio's long-arm statute also provides that a court may exercise personal jurisdiction over a person who causes tortious injury in Ohio to any person by an act outside Ohio committed with the purpose of injuring persons when he might reasonably have expected that some person would be injured thereby in Ohio. O.R.C. §2307.382(A)(6).

ICL presents evidence that Frank Long ("Long"), ICL's President, learned of Trinitas's closing through Burrelle's Information Service who has an office in Ohio. (Long Aff. ¶3.) Long then sent an information package to Jeffrey Friedman ("Friedman") introducing ICL and its services. (Id. ¶4.) Friedman was allegedly Trinitas's agent. (Id.)

Long next met with Friedman at Trinitas regarding a proposal. (Id.) There were numerous phone calls and emails between Long and Friedman. (Id.)

ICL then conducted an inventory of the items in New Jersey that were to be disposed of by Trinitas. (Id. ¶5.) ICL then returned to Ohio to establish the values on the inventory. (Id.)

ICL was later informed by Friedman that Trinitas was prepared to go forward with ICL's proposal for liquidation. (Id.) Friedman then requested that Long meet at Trinitas to verify the

inventory and sign a contract with ICL. (Id.) The inventory prepared by ICL was to be included as an exhibit to the contract and the contract was to be governed by Ohio law. (Id.) Later, James Cadmus replaced Friedman and declined to sign the contract. (Id. ¶6.)

Based upon these factual allegations, Trinitas has prosecuted negotiations and had dealings with ICL in Ohio. Trinitas is therefore subject to personal jurisdiction under the "transacting-any-business" provision of Ohio's long-arm statute.[1]

Regarding the other applicable provision of Ohio's long-arm statute, ICL's Complaint alleges that Trinitas deceptively and improperly used ICL's work product and was unjustly enriched therefrom. Therefore, ICL has established a prima facie case for personal jurisdiction under the "causing-tortious-injury-in-this-state" provision of Ohio's long-arm statute based upon the alleged tortious conduct which Trinitas committed in New Jersey and its foreseeability of reaching ICL in Ohio.

## Due Process

Having determined that personal jurisdiction over Trinitas exists under at least two provisions of Ohio's long-arm statute, the analysis turns to whether exercising either general or specific personal jurisdiction over Trinitas comports with the Due Process Clause of the U.S. Constitution. ICL does not argue that the Court has general jurisdiction over Trinitas. The analysis turns, then, to the three-part test for determining whether specific jurisdiction exists.

---

[1] At least one Ohio Appeals Court has held that the "transacting-business" provision was meant to extend the personal jurisdiction of Ohio courts to the federal constitutional limits of due process and the long-arm analysis and the due process analysis are, therefore, merged into one. *Lewis v. Horace Mann Insurance Co.*, Case No. 82530, 2003 WL 22251577 at *4 (Ohio App. Ct. Oct. 2, 2003). However, the Ohio Supreme Court has held that a personal-jurisdiction analysis requires both a determination regarding Ohio's long-arm statute and a determination regarding the Due Process Clause of the U.S. Constitution. *Goldstein v. Christiansen*, 638 N.E.2d 541, 544 (Ohio 1994). Therefore, for purposes of this motion, both the long-arm analysis and the due process analysis will be performed.

"Purposeful Availment"

First, Trinitas must purposefully avail itself of the privilege of acting in the forum state. "The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Physical contacts are not necessary so long as a commercial actor's efforts are "purposely directed" toward a resident of the forum state. *Ricker v. Fraza/Forklifts of Detroit*, 828 N.E.2d 205, 211 (Ohio Ct. App. 2005)(citing *Burger King*, 471 U.S. at 476). For example, the soliciting of insurance by mail, the transmission of radio broadcasts into the forum state and the sending of magazines and newspapers into the forum state to be sold there have all been considered to be an availment of privilege to do business in the forum state. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 382 (6th Cir. 1968).

The Defendants conduct and connection to the forum state must be such that it may reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474-75. For example, a defendant has purposefully availed itself of the privilege of conducting business in the forum state when the defendant transacts business by negotiating and executing a contract via telephone calls and letters to a resident of the forum state. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998), *cert. denied*, 525 U.S. 810 (1998). However, the existence of a contract, alone, is not purposeful availment. Prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing must be evaluated. *Healthcare Capital, LLC v. Healthmed, Inc.*, 213 F.Supp.2d 850, 860 (S.D.Ohio 2002)(citing *Nationwide*

*Mutual Insurance Co. v. Tryg International Insurance Co., Ltd.*, 91 F.3d 790, 795 (6th Cir. 1996)).

In this case, ICL presents certain alleged facts regarding actions taken by Long with regard to the business relationship with Trinitas or one of its agents. However, actions taken by Long alone are irrelevant. But, actions taken by an agent of Trinitas are relevant.

ICL presents evidence that Friedman, allegedly Trinitas's agent, negotiated a contract with Long whose business was in Ohio. Further, the negotiations included communications, in the form of phone calls and emails, to Long in Ohio.

Friedman's contacts with Long in Ohio were not random, fortuitous or attenuated. They were allegedly directed to consummating a contract with Long to provide liquidation services to Trinitas. Further Friedman should have anticipated that he may be in court in Ohio as evidenced by a proposed contract term requiring that Ohio law would govern the proposed contract. (Long Aff. ¶5.) Friedman purposely availed himself, as an agent for Trinitas, of the privilege of doing business in Ohio.

Cause of Action Arising from Defendant's Activities In Forum State

To satisfy the second element of the due process test, the cause of action must arise from the defendant's activities in the forum state. In this case, Trinitas's activity in Ohio was the negotiation of a contract with ICL for ICL to provide liquidation services to Trinitas. The proposed contract included, as an exhibit, an inventory with prices prepared by ICL. (Long Aff. ¶5.) It is from Trinitas's alleged use of this inventory that ICL's claim arises. Therefore, the cause of action in this case arises from Trinitas's activities in Ohio.

Reasonableness of Exercise of Personal Jurisdiction

To satisfy the third element, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. When courts find that a defendant purposefully availed itself of the forum and that the cause of action arose directly from that contact, the inference arises that the third factor is also present and to confer jurisdiction would be reasonable. *Cole*, 133 F.3d at 436; *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996).

In this case, Trinitas purposefully negotiated a contract with a resident of Ohio, the proposed contract included a term requiring that Ohio law would govern the proposed contract and the cause of action arose from a part of the proposed contract. Therefore, the exercise of personal jurisdiction over Trinitas is reasonable for the purpose of adjudicating ICL's claim regarding the use of a part of the proposed contract. It is this claim that is now before the court.

**Conclusion Regarding Personal Jurisdiction**

ICL has made a prima facie showing that Trinitas is subject to personal jurisdiction under Ohio's long-arm statute for ICL's claim that is now before the Court. ICL has also made a prima facie showing that exercising personal jurisdiction over Trinitas regarding ICL's claim comports with the Due Process Clause of the U.S. Constitution. Therefore, Trinitas's Motion To Dismiss is OVERRULED.

**Transfer of Venue**

As an alternative to its Motion To Dismiss for lack of personal jurisdiction, Trinitas seeks to transfer this action to New Jersey pursuant to 28 U.S.C. §1404(a). Title 28, United States Code, Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

The Parties do not dispute that this case could have been brought in New Jersey. The question is whether, for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred to New Jersey.

The decision whether to transfer venue is in the sound discretion of the trial court. *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F.Supp. 1316, 1317 (S.D.Ohio 1991). Further, the moving party has the burden of proving why a change of venue should be granted and the plaintiff's choice of forum is to be given considerable weight. *Id.* at 1318.

The factors to be considered regarding whether to change venue include the nature of the suit, the place of the events involved, the relative ease of access to sources of proof, the nature and materiality of testimony to be elicited from witnesses who must be transported, the respective courts' familiarity with applicable law and the condition of the courts' dockets and the residence of the parties. *Id.* When weighing the factors, the balance should be strongly in favor of a transfer before such a transfer is granted. *Id.*

Trinitas argues that this case should be transferred to New Jersey because the inventory and liquidation valuation by ICL was done in New Jersey, the alleged improper use of ICL's

confidential information occurred in New Jersey, McFaul & Lyons[2] is located approximately twenty (20) miles from New Jersey, all witnesses except those from ICL are located in or near New Jersey and all of Trinitas's dealing with SEL occurred in New Jersey and, the alleged misuse of ICL's information occurred in New Jersey. ICL responds that Ohio is as convenient as New Jersey because the witnesses are equally divided between Ohio and New Jersey and SEL, who may or may not be a source of witnesses, is located in Minnesota. ICL also argues that most of the claims are brought pursuant to Ohio law which this Court has more familiarity with.

Plaintiff elected to file this case in Ohio and most of ICL's claims are brought pursuant to Ohio law with which this Court is familiar. The Parties are located in Ohio and New Jersey. It appears that many of the relevant events occurred in New Jersey. Yet, it appears that potential witnesses are located in Ohio, New Jersey and Minnesota.

While Trinitas has presented evidence that one or two of the factors to be considered may weigh in favor of transferring this case to New Jersey, the overall weighing of the factors is not strongly in favor of a transfer. Therefore, Trinitias's Motion for a transfer of venue is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Ninth day of August, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[2]McFaul & Lyons, at certain times, provided on site consultants to manage St. Elizabeth's Support Services Department. Trinitas is the successor hospital to Elizabeth General and St. Elizabeth's Hospital.